Filed 8/1/25  P. v. Miller CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>JARROD MILLER,<br><br>　　　　Defendant and Appellant. | A171649<br><br>(Sonoma County<br>Super. Ct. No. SCR5983311) |

　　　　In 2012, a jury convicted Jarrod Miller (appellant) of first degree murder (Pen. Code, § 187, subd. (a)),[1] and found true an allegation that he personally discharged a firearm causing death (§ 12022.53, subd. (d)).[2]  The jury also convicted appellant of burglary (§ 459) and found true an enhancement that he personally used a firearm (§ 12022.5, subd. (a)).  This court affirmed the subsequent judgment.  (*People v. Miller* (2014) 231 Cal.App.4th 1301.)

---

　　　　[1] All undesignated statutory references are to the Penal Code.

　　　　[2] The underlying facts are not relevant to our resolution of this appeal.

1

In 2024, appellant filed a petition for resentencing pursuant to section 1172.6 (former section 1170.95).[3]  The trial court appointed counsel and, following briefing and a hearing, summarily denied the petition.

On appeal, appellant's counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, and appellant filed a supplemental letter brief.  We "evaluate the specific arguments presented in that [supplemental] brief" (*id.* at p. 232) and affirm.

Section 1172.6 provides that a murder conviction be vacated when the petitioner was "convicted of . . . murder [pursuant to a] . . . theory under which malice is imputed to a person based solely on that person's participation in a crime" and the petitioner "could not presently be convicted of murder."  (§ 1172.6, subd. (a) & (a)(3).)  The jury in appellant's case was not instructed on the natural and probable consequences theory, felony murder, or any other theory of imputed malice.  The information did not charge any codefendants and neither the information nor the jury instructions referred to any accomplices.  The jury was instructed on express and implied malice, and the only theory of first degree murder was premeditation and deliberation.  The jury found true an allegation that, in the commission of the murder, appellant personally used a firearm causing death.  The record of conviction conclusively establishes that the jury found appellant acted with malice.

In his supplemental brief, appellant argues that at trial, the court erroneously refused to instruct the jury on the heat of passion theory of voluntary manslaughter, thereby "causing malice to be imputed."  Even assuming the court erred in refusing the instruction, the resulting conviction

---

[3] Section 1170.95 was renumbered section 1172.6, without substantive change, effective June 30, 2022.  (Stats. 2022, ch. 58, § 10.)

would be based not on *imputed* malice, but on the jury's lack of awareness that heat of passion serves to *negate* malice. (See *People v. Rios* (2000) 23 Cal.4th 450, 460 [" 'Generally, the intent to unlawfully kill constitutes malice. [Citations.] "But a defendant who intentionally and unlawfully kills [nonetheless] lacks malice . . . when [he] acts in a 'sudden quarrel or heat of passion . . . .' " ' "]; *id.* at p. 467 ["provocation and imperfect self-defense *negate the murder element of malice*, and thus *reduce* an otherwise malicious homicide from murder to the nonmalicious offense of voluntary manslaughter"]; CALCRIM No. 570, italics added ["A killing *that would otherwise be murder* is reduced to voluntary manslaughter if the defendant killed someone because of a sudden quarrel or in the heat of passion"].) In any event, the argument is not properly raised in a section 1172.6 petition. "Section 1172.6 does not create a right to a second appeal, and [a petitioner] cannot use it to resurrect a claim that should have been raised in [the] . . . direct appeal." (*People v. Burns* (2023) 95 Cal.App.5th 862, 865; see also *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["The mere filing of a section 1170.95 [now § 1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error"].) A recent Supreme Court case submitted by appellant as additional authority does not change our analysis. Appellant fails to demonstrate error in the summary denial of his section 1172.6 petition.

DISPOSITION

The order denying appellant's petition for resentencing is affirmed.

SIMONS, Acting P. J.

We concur.

BURNS, J.
CHOU, J.

(A171649)